## NATIONAL LABOR RELATIONS BOARD v. GITTLIN BAG CO.

### No. 6391.

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1952.

Decided April 23, 1952.

Ruth V. Reel, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Arnold Ordman, Attorney, National Labor Relations Board all of Washington, D. C., on brief), for petitioner.

James M. Roberts, Atlanta, Ga., for respondent.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board requiring the Gittlin Bag Company of Charlotte, N. C. to desist from unfair labor practices and bargain in good faith with the union representing its employees. Respondent denies that it has failed to bargain in good faith; but the evidence is clearly sufficient to sustain the Board's order. In April 1949 the union was certified as bargaining representative of the employees but bargaining was delayed because respondent represented that it intended to close its Charlotte plant on January 1, 1950. The plant was not closed at that time and bargaining was begun in March. After a proposed trade agreement had been thoroughly discussed and tentative agreement had been reached on all of its provisions, it was submitted to respondent for signature but returned with further specific objections. The union's representative consented that it be modified to meet these and respondent's representative returned it to respondent for signature. Respondent did not sign the agreement, however, and took no action of any sort until threatened with the filing of unfair labor charges. It then professed through its attorney a desire to work out with the attorney "a more equitable solution" but did not state what clauses of the contract were objectionable or offer any counter proposal or suggest any further meeting with the representative of the employees. Upon the union's filing unfair labor charges, it answered that the union had lost its majority. It is perfectly clear from all this that respondent was not bargaining in good faith but was engaged in mere trifling. As said by the Board, "The respondent extended plenary bargaining authority to his (its) attorney for more than a year and a half, only to withdraw such authority and disavow the agreement when an accord was finally reached, without any adequate explanation, counter-proposals, or even suggestion of the areas in which real disagreement might exist. We are persuaded that at that point the respondent demonstrated an intent to forestall bargaining, and avoid coming to any agreement, and thereby refused to bargain in violation of the Act." The contention that there was no obligation to bargain because of loss of majority is entirely lacking in merit. N. L. R. B. v. Highland Park Mfg. Co., 4 Cir., 110 F.2d 632, 640; N. L. R. B. v. Harris-Woodson Co., 4 Cir., 162 F.2d 97, 99–100; N. L. R. B. v. Norfolk Shipbuilding & Dry Dock Corp., 4 Cir., 172 F.2d 813, 816; N. L. R. B. v. Tower Hosiery Mills, 4 Cir., 180 F.2d 701, 706, certiorari denied 340 U.S. 811, 71 S.Ct. 38, 95 L.Ed. 596.

The order will be enforced.

Order enforced.