## MOTORS, INC. *v.* CONNECTICUT STATE BOARD OF LABOR RELATIONS

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 21854
AT WATERBURY

Memorandum filed January 5, 1955.

*Davis, Lee, Howard & Wright,* of Hartford, for the plaintiff.

*William L. Beers,* attorney general, and *Daniel E. Ryan,* assistant attorney general, both of Hartford, for the defendant.

DEVLIN, J.   The appellant is a Connecticut corporation engaged in the sales and service of new and used automobiles at 470 Meadow Street, Waterbury. The International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-CIO), hereinafter referred to as the union, is a labor organization which exists and is constituted for the purposes of collective bargaining and of dealing with employers concerning griev-

ances, terms and conditions of employment or other mutual aid or protection problems. On February 18, 1953, the union was certified by the defendant board as the exclusive representative for collective bargaining purposes following an election by secret ballot in which the vote was twelve to four in its favor. As the result of subsequent negotiations between the parties a collective bargaining contract was entered into effective as of June 2, 1953, with an expiration date of June 1, 1954. No renewal provision was incorporated.

For more than a year after the election, harmonious relations ensued. There were no disputes which merited the attention of the union and it made no complaints. On April 20, 1954, the union served notice on the appellant requesting the negotiation of a new contract. On April 28, the appellant replied that it questioned the right of the union to represent the employees and gave notice of its intent to terminate the agreement on the expiration date. Since that date it has refused to negotiate or enter into any agreement, as a result of which the union filed a charge on May 11, under General Statutes, § 7392, that it was guilty of unfair labor practices. A hearing was held on July 12, and on August 16 the defendant board sustained the claim of the union, resulting in this action. The only question presented by this appeal is whether the appellant was guilty of unfair labor practice in refusing to bargain collectively with representatives of the employees.

The appellant claims the board was wrong in ordering it to collectively bargain with the union because, at the time in question, it did not represent the majority of its employees. General Statutes, § 7392 (6), provides that it shall be an unfair labor practice for an employer "to refuse to bargain collectively with the representatives of [his] employ-

ees, subject to the provisions of said section 7393"; and § 7393 (1) provides that "[r]epresentatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes or by the majority of the employees voting in an election conducted pursuant to this section shall be the exclusive representative of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment, provided any employee, directly or through representatives, shall have the right at any time to present any grievance to his employer."

Thus the law imposes upon an employer the duty of bargaining collectively with the duly elected bargaining unit. It has been described as a "continuing right" which "must necessarily continue so long as the prospect of future bargaining remains." *National Labor Relations Board* v. *Newark Morning Ledger Co.*, 120 F.2d 262, 267. Since the act does not prescribe the length of time for which any certification shall remain valid, it has been held that an employer must recognize a certification rightfully given for a reasonable period of time, regardless of materially changed conditions. *Franks Bros. Co.* v. *National Labor Relations Board*, 321 U.S. 702. The presumption is that it continues until shown to have ceased. *National Labor Relations Board* v. *Whittier Mills Co.*, 111 F.2d 474, 478. The appellant claims it had ceased to exist on April 28, 1954, because the union no longer represented the majority view of the employees. On that date there were twelve employees in the bargaining unit. Five of these had notified the management that they did not want the union and there was a serious doubt about a sixth, who quit his employment shortly thereafter. The brief of the appellant states: "On the basis of this,

Mr. Foley believed that the Union no longer represented a majority of the employees and he refused, therefore, to bargain with the Union as their representative."

Assuming the claimed status to be true, the mere fact that the union may have lost its majority would not relieve the appellant from bargaining with it as the certified representative. *National Labor Relations Board* v. *Gittlin Bag Co.*, 196 F.2d 158. An employer cannot decide for itself whether a union has lost its bargaining status as the certified representative of the employees. That is for the board to determine upon orderly statutory procedure. *National Labor Relations Board* v. *Sanson Hosiery Mills, Inc.*, 195 F.2d 350, 352. And such certification must be honored until changed conditions are reflected by a later ruling of the board or by its arbitrary refusal to act after a reasonable time. *National Labor Relations Board* v. *Prudential Ins. Co.*, 154 F.2d 385. In view of these rulings, there was no sanction for the stand taken by the appellant that it did not have to bargain with the union.

Claim is also made that there is no support in the evidence for the finding that in hiring new men it intentionally selected those known by it not to be in favor of the union "for the purpose of destroying the majority status of the Union." General Statutes, § 7395 (2), provides: "The findings of the board as to the facts, if supported by substantial evidence, shall be conclusive." The question now presented is whether or not there was substantial evidence before the board to support its finding. The norm or standard to be applied appears in the case of *National Labor Relations Board* v. *Union Pacific Stages, Inc.*, 99 F.2d 153, 177, in the following language: " ' "Substantial evidence" means more than a mere scintilla. It is of substantial and relevant consequence and excludes vague, uncertain or irrelevant

matter. It implies a quality of proof which induces conviction and makes an impression on reason. It means that one weighing the evidence takes into consideration all the facts presented to him and all reasonable inferences, deductions and conclusions to be drawn therefrom and, considering them in their entirety and relation to each other, arrives at a fixed conviction.' "

It appears from the evidence cited by the appellant that after the refusal to bargain on April 28, 1954, it hired three additional employees, Edward Carrington on May 5, Anthony D'Elia on June 14, and Harry Shea on June 23. This became necessary in the ordinary conduct of the business. At the time, they were informed by the manager that an open shop existed and they could join or not join the union as they saw fit. They were all nonunion men. It is claimed, however, that it had to hire nonunion mechanics because they were the only ones available in the Waterbury area. In any event, it contends the record is barren of any evidence disclosing any attempt to coerce any employee or prevent him from joining the union if he so desired.

There was also evidence before the board that the manager was "mad" because the union won the election; that he showed his displeasure by his actions; that he had an antiunion attitude; that he carefully interrogated each of the men hired after the election about union membership and told them they did not have to join the union if they did not want to; that in each instance he was the one who brought up the union question; and that he did not know whether or not he would hire a good mechanic who said he was a union man. In response to a specific question, he testified as follows: "Q.—In other words, you are telling us that an applicant's union standing, or lack of union standing, was not a determining factor in your decision to hire him?

A.—Well, I wouldn't say that it didn't have some bearing on it because I'd be silly if I did, because it did have some bearing on it. I wouldn't lie about that. Naturally, I would prefer to hire one that didn't belong than one that did. If they were both equal, I would take the one who was not a union man." It also appeared that the fact that they were nonunion men influenced him in his decision to hire them.

In determining whether the findings of the board are supported by substantial evidence on the record considered as a whole, the court cannot try the case de novo, and neither can it judge the credibility of the witnesses or weigh the evidence. It is limited to a determination of whether there is, on the entire record, substantial and adequate evidence to support the finding. *Superior Engraving Co.* v. *National Labor Relations Board,* 183 F.2d 783. And where inferences are drawn from the evidence by the board, they are not to be set aside by the court simply because a contrary inference is possible or would be drawn by the court. *National Labor Relations Board* v. *Ford,* 170 F.2d 735.

The evidence was conflicting, and the conclusions reached by the board were supported by substantial evidence.

The appeal is dismissed.